IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHERRY MURRAY and KENNETH MECKFESSEL, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIV. ACT. NO. 1:21-cv-58-TFM-M ) |
| CSX TRANSPORTATION INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are *CSX's Motion to Dismiss Plaintiffs' Claims for Wantonness, Recklessness, Willfulness and Gross Negligence* (Doc. 4, filed March 9, 2021), the *Response to Defendant's Motion to Dismiss* (Doc. 10, filed March 22, 2021), and the reply by CSX Transportation (Doc. 11, filed April 8, 2021). After a careful review of all the written pleadings, motions, responses, and replies, the Court **DENIES** the partial motion to dismiss (Doc. 4) for the reasons articulated below.

I.   PARTIES, JURISDICTION, AND VENUE

Plaintiffs Sherry Murray ("Murray") and Kenneth Meckfessel ("Meckfessel") (collectively, "Plaintiffs") brought suit in this Court pursuant to, 28 U.S.C. § 1332, (diversity jurisdiction). Plaintiffs allege injuries after being struck by a train operated by agents of the defendant, CSX Transportation, Inc. ("CSX" or "Defendant"). Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). Personal jurisdiction and venue are proper under 28 U.S.C. § 1391 because a substantial part of the events, acts, or omissions giving rise to this dispute took place in Mobile County within the Southern District of Alabama.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege in their four (4) count complaint that on February 4, 2019, they sustained injuries when a locomotive operated by Defendant struck a pickup truck occupied by Plaintiffs when they were at the Water Street railroad grade crossing in Mobile, Alabama. Doc. 1 at ¶¶ 2,17-19.  Count 1, which Plaintiffs enumerate as "First Cause of Action," alleges Negligence and Gross Negligence.  Doc. 1 at ¶¶ 21-25.  Count 2 contains a negligence allegation which Plaintiffs enumerate as "Gross Negligence" Doc. 1 at ¶¶ 26-30.  Count 3 contains an emotional distress claim which Plaintiffs enumerate as "Negligent Infliction of Emotional Distress".  Doc. 1 at ¶¶ 31-35.  Count 4 contains a damages claim which Plaintiffs enumerate as "Punitive Damages".  Doc. 1 at ¶¶ 36-40.

In sum, Defendant alleges Plaintiffs did not substantiate or allege facts in the Complaint to prove gross negligence or wanton, reckless, or willful misconduct. Plaintiffs respond that taken as a whole, the allegations in the complaint are sufficient to state the claims therein.

## III.     STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss an action on the ground that the allegations in the complaint fail to state a claim upon which relief can be granted.  On such a motion, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Little v. City of N. Miami*, 805 F.2d 962, 965 (11th Cir. 1986) (per curiam) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'"  *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  The court must draw

"all reasonable inferences in the plaintiff's favor." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

However, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1950, 173 L. Ed 868 (2009). The U.S. Supreme Court has suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682, 129 S. Ct. at 1951-52).

Rule 12(b)(6) is read in consideration of Federal Rule of Civil Procedure 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Although Rule 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. To survive a motion to dismiss, a complaint must state on its face a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Unless the plaintiffs have "nudged their claims across the line from conceivable to plausible, their complaint

must be dismissed." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S at 556, 127 S. Ct. at 1965).

## IV. DISCUSSION AND ANALYSIS

Defendant moves this Court to dismiss Plaintiffs' claims for gross negligence and wantonness, recklessness, and willfullness based on their failure to state a claim pursuant to Rule 12(b)(6). The Court finds that Plaintiffs present plausible claims for relief based on "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. The Court will address each cause of action in turn.

### A.    Count 2 - Gross Negligence

CSX cites authority that gross negligence is not an independent tort claim since gross negligence is nothing more than simple negligence. *Stringer v. Ala. Mineral R.R. Co*, 99 Ala 397, 13 So. 75; [and] that gross negligence implies nothing more than negligence with the addition of a vituperative epithet (*McPheeters v. H. & St. J. R.R. Co*., 45 Mo. 22)…" *Ex parte Priester*, 102 376, 377 (Ala. 1924). Accepting Defendant's tacit concession that the Complaint adequately alleges negligence and Defendant's legal argument that gross negligence is a matter of degree, the Court finds Count 2 passes muster. A jury might find from the facts alleged in the Complaint that the actions of CSX were greater than simple negligence but less than wanton misconduct which might bear upon damages but not liability. Whether the evidence is sufficient is a matter the Court may consider in a motion for summary judgment but not in a motion to dismiss. Simply put, the Complaint alleges CSX drove the train too fast to stop in time to avoid people or cars which, if

true, (and the court must assume on a motion to dismiss that the allegations are true) adequately alleges gross negligence that is negligence more so than simple negligence, but less than willful behavior. *Grossman*, 225 F.3d at 1231. If the jury finds the actions of Defendant constitutes gross negligence, Defendant may have to elect which count to pursue for their damage claim(s). At this stage, Count 2 is sufficient.

**B.      Wantonness, Recklessness, and Willfulness**

CSX contends that to the extent Plaintiffs base any claim on any wantonness, recklessness, or willfulness, the claim is due to be dismissed based on Plaintiffs' failure to plead plausible facts to support the claims. Doc. 4 at 6. CSX argues that the Complaint is deficient in facts to substantiate the allegations of wanton, reckless and willful misconduct. CSX cites Alabama law which defines wanton misconduct as the reckless or conscious disregard of the rights or safety of others. ALA. CODE § 6-11-20(b)(3). CSX also cites authority that wantonness and willfulness are virtually interchangeable terms. *Id.* at 6-8.

Fairly read, the Complaint alleges CSX drove the train too fast to stop in time to avoid people or cars which, if true, (and the court must assume on a motion to dismiss that the allegations are true) would be enough for the jury to find the actions of CSX amount to wanton, reckless and willful misconduct. The further allegations in the complaint that CSX failed to visually determine whether vehicles were on the tracks and the failure to use the Positive Train Control System are sufficient in the eyes of the Court to allow a jury, to conclude the actions of CSX were wanton, reckless and willful. Caselaw holds that, 'the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result. *Tolbert v. Tolbert*, 903 So. 2d 103, 115 (Ala. 2004).

Here, the Court must evaluate the Complaint at the motion to dismiss standard, which is a low bar. *See Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). At this nascent phase, allegations in the Complaint need meet only the pleading requirements under Fed. R. Civ. P. 8—"a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555. Plaintiff has met this requirement.

## V.   CONCLUSION

The Court finds Plaintiff has stated well-pleaded factual allegations in accordance with FED. R. CIV. P. 8. The arguments of CSX are those that are properly raised in a motion for summary judgment, which was filed while the Court was reviewing the instant motion. Thus, CSX's motion to dismiss (Doc. 4) is **DENIED**.

**DONE** and **ORDERED** this the 25th day of February 2022.

 s/Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE