IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHERRY MURRAY AND            :
KENNETH MECKFESSEL,          :
                             :
     Plaintiffs,             :
                             :
vs.                          :    CIVIL ACTION 21-0058-TFM-M
                             :
CSX TRANSPORTATION, INC.     :
                             :
     Defendant.              :

## REPORT AND RECOMMENDATION

This action is before the Court on Defendant CSX
Transportation, Inc.'s ("Defendant") Statement of Fees and
Expenses and Evidentiary Submission in Support Thereof (Doc. 31)
and Plaintiffs Kenneth Meckfessel and Sherry Murray's
("Plaintiffs") response thereto (Doc. 35).  The undersigned
previously denied Defendant's Motion to Dismiss Plaintiffs'
Claims as Sanctions for Failure to Conduct and Comply with
Discovery Orders, granted Defendant's alternative Motion to
Compel supplementary discovery responses and found Defendant
entitled to be reimbursed the reasonable expenses, including
attorney's fees, incurred in attempting to get discovery and
bringing yet a second motion to compel, pursuant to Federal Rule
of Civil Procedure Rule 37(a)(5). (Doc. 30).  The Court has
referred the matter to the undersigned Magistrate Judge for
appropriate action under 28 U.S.C. § 636(a)—(b), Federal Rule of

Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b) (electronic entry 9/30/2021). Upon consideration, the undersigned **RECOMMENDS** that the denial of the Motion to Dismiss and the granting of the alternate Motion to Compel be affirmed and that Plaintiffs' counsel, Brian A. Dasinger, be ordered to pay Defendant the reasonable expenses, including attorney's fees, in the amount of $4,317.50, incurred in making the second motion to compel, pursuant to Federal Rule of Civil Procedure Rule 37(a)(5).

## I.  Background

This action was filed by Plaintiffs' counsel, Brian A. Dasinger, on February 3, 2021 and the discovery period commenced after both counsel conferred, pursuant to Federal Rule of Civil Procedure 26(f), on April 15, 2021 (Doc. 12). When Plaintiffs failed to respond in any way to Defendant's first interrogatories and requests for production of documents, propounded on May 10, 2021, and Plaintiffs' counsel did not respond to repeated requests to confer, Defendant filed, on August 3, 2021, a Motion to Compel Plaintiffs to Respond to Discovery Requests (Doc. 19). In their Response dated August 10, 2021, Plaintiffs admitted they had not timely responded as required but stated that they had now done so. Nothing was mentioned about counsel not responding to defense counsel's requests to talk about the discovery disputes (Doc. 23). After

consideration, the Motion to Compel was granted and Defendant was given the opportunity to seek reimbursement of the fees and expenses incurred in bringing the Motion to Compel (Doc. 24) — Defendant declined to do so as a professional courtesy to Plaintiffs' counsel (Doc. 25).

Subsequently, after ongoing and repeated requests for Plaintiffs' counsel to confer with Defendant's counsel about discovery issues and disputes, but to no avail, Defendant filed on September 30, 2021, a Motion to Dismiss Plaintiffs' Claims as Sanctions for Failure to Conduct Discovery and Comply with Discovery Orders, alleging that some of Plaintiffs' responses to its interrogatories and requests for production, filed on August 10, 2021, were incomplete and deficient; medical authorizations for out-of-state providers for Plaintiff Murray were limited to only treatment after the accident; and there was a dispute whether Plaintiffs' depositions were to be taken in person or by video. Alternatively, Defendant requested the Court to compel and order Plaintiffs' to properly supplement their deficient responses; provide medical authorizations for Murray without date restrictions; for Plaintiffs to appear for their depositions as noticed; and for an award of fees as the Court deems appropriate (Doc. 25).

The Motion was set for a hearing on October 12, 2021, and Plaintiffs were ordered to file a response to the Motion, which

was filed October 8, 2021 (Docs. 27, 28). In that Response, Plaintiffs' counsel stated that he "has staff that communicates with Defendant's counsel", implying that it is not a requirement or necessary for him to personally communicate with opposing counsel to discuss and resolve discovery disputes (Doc. 28 at 2). The only time Mr. Dasinger communicated with Mr. Grimes was by emails exchanged between September 9-15, 2021, pertaining to the taking of Plaintiffs' depositions (Doc. 25 at 5-6). Neither in the Response to the Motion nor at the hearing was there any indication or mention that the delays in responding to Defendant's discovery requests and resolving the discovery disputes were caused by Plaintiffs not cooperating with Mr. Dasinger in discovery — counsel just said they lived out-of-state.

After hearing from counsel, the Motion to Dismiss was denied as too severe a sanction, especially for Plaintiffs, for their counsel's failure to conduct discovery and confer with opposing counsel as required by the Federal Rules of Civil Procedure and this Court's Scheduling Order and Local Rules. The pending discovery issues were resolved, the Motion to Compel was granted and Defendant was found to be entitled to be reimbursed the reasonable costs and fees in bringing the Motion to Compel (Doc. 30). Defendant's Statement of Fees and Expenses was filed on October 19, 2021 (Doc.31) and Plaintiffs' Response

was filed on October 26, 2021 (Doc. 35).  Defendant claims $10,721.86 in attorney fees and expenses.

The discovery period expired on January 28, 2022 (Doc. 14), with the parties being allowed to take one deposition beyond that date if done by February 11, 2022 (Docs. 52, 53). Since the October 12, 2022 hearing, it appears that Plaintiffs' counsel has worked with Defendant's counsel to conclude discovery without further problems.  The Court must now determine the reasonable expenses, including attorney's fees, incurred by Defendant in its unsuccessful efforts to get the supplemental discovery and resolve the other discovery disputes, necessitating the making of the second motion to compel.

## II.  Legal Standard

Generally, "[t]he starting point for calculating a reasonable attorney's fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" for the attorney's services. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The product of these two numbers is referred to as the "lodestar" and there is a strong presumption that the lodestar represents a reasonable fee.  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).  To make this determination, the district court should consider the relevant factors among the

twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*[1] *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Johnson*, 488 F.2d 714, 717—719 (5th Cir. 1974)). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

After calculating the lodestar, "[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors."[2] *Assoc. of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006). The presumption that the lodestar is reasonable "may be overcome" and the lodestar enhanced "in those rare circumstances in which the lodestar does not adequately take into account a

---

[1] The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment caused by accepting the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation, and ability; (10) the "undesirability of the action; (11) the nature and length of the relationship between the attorney and client; and (12) awards in similar cases. 488 F.2d 714, 717—19.

[2] Although the "*Johnson* factors are to be considered in determining the lodestar figure; they should not be reconsidered in making either an upward or downward adjustment to the lodestar — doing so amounts to double-counting." *Bivins*, 548 F.3d at 1349 (citing *Burlington v. Dague*, 505 U.S. 557, 562—563 (1992)); *Perdue*, 559 U.S. at 553 ("an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation."); *Barnes v. Zaccari*, 592 F. App'x 859, 871 (11th Cir. 2015) (citing *Bivins*, 548 F.3d at 1349).

factor that may properly be considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554 (citations omitted). The fee applicant "must produce specific evidence" that the "enhancement was necessary to provide fair and reasonable compensation." *Perdue*, 559 U.S. at 553 (citations omitted).

### III. Discussion

#### A.    Reasonable Hourly Rate.

First, the Court must determine whether Defendant's counsel's claimed hourly rate is reasonable.  The reasonable hourly rate is generally "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895—896 n. 11 (1984); *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The "relevant market" is the "place where the case is filed." *American Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (citation and internal quotation marks omitted). The fee applicant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1299.

In determining a reasonable hourly rate, *Johnson* factors three and nine—"the skill requisite to perform the legal service properly" and "the attorney's experience, reputation and ability"—may be considered.  Further, although the Court does

not give controlling weight to prior awards, those awards are relevant and instructive in determining whether the "requested rate is in line with prevailing market rates" in this judicial district for attorneys of reasonably comparable skill, experience, and reputation to that of the attorney seeking an award of fees. *Norman*, 836 F.2d at 1299. Also, the Court is familiar with the prevailing rates in this district and may rely upon its own "knowledge and experience" to form an "independent judgment" as to a reasonable hourly rate. *Loranger v. Stierheim*, 10 F. 3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F. 2d at 1303); *see also Ibezim v. GEO Grp., Inc.*, 786 F. App'x 975, 976—77 (11th Cir. 2019) ("As for assessing the reasonableness of attorney's fees, the district court is qualified to make this decision based on its years of experience.").

In this case, Defendant retained attorney Charles T. Grimes of Birmingham, Alabama, at the rate of $350 per hour to defend against Plaintiffs' claims. (*See* Doc. 31-1 at 3). Mr. Grimes has been practicing law for approximately 26 years. (*Id*. at 2). While he has not offered evidence of prior awards or affidavit opinions of the prevailing market rates, the Court is familiar with the prevailing rates in this district and finds the rate to

be reasonable in this case.[3] Furthermore, Mr. Dasinger does not dispute the hourly rate claimed by Mr. Grimes.[4]

Mr. Grimes also states that a paralegal, Elizabeth Coleman, performed work on this case and claims an hourly rate for her work on CSX Transportation, Inc. matters is $135 per hour. (*Id.*). Previously, this Court has found $75 per hour to be reasonable for paralegals. *PNC Bank v. Classic Crab, Inc.*, 2016 WL 4257360, *5 (S.D. Ala. Aug. 11, 2016) (listing cases); *Denny Mfg.*, 2011 WL 2180358, *5; *Zuffa, LLC v. Al-Shaikh*, 2011 WL 1539878, *9 (S.D. Ala. Apr. 21, 2011); *Wells Fargo Bank, N.A. v. Williamson*, 2011 WL 382799, *5 (S.D. Ala. Feb. 3, 2011). The reasonable rate for paralegal work in this case, for work

---

[3] "[W]here documentation or testimonial support is lacking, the court may make the award on its own experience." *Coastal Fuels Mktg., Inc. v. Fla. Exp. Shipping Co.*, 207 F.3d 1247, 1252 (11th Cir. 2000); *Engeling v. Bashlin Indus., Inc.*, 2019 WL 3757784, at *1 (N.D. Ga. Feb. 7, 2019) ("Where documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee, but the district court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing." (quoting *Norman*, 836 F. 2d at 1303)). This court has previously found $350 per hour to be a reasonable rate for experienced Mobile lawyers. *See Gulf Coast Asphalt Company, LLC v. Chevron, U.S.A., Inc.*, 2011 WL 612737 (S.D. Ala., Feb.11, 2011) (finding that the average or reasonable hourly rate charged by top Mobile lawyers in complex cases is in the range from $250 to $350 per hour); *Weaver v. Stringer*, No. CV 1:18-00052-N, 2019 WL 1495279, at *5 (S.D. Ala. Apr. 4, 2019) (approval of $350 hourly rate for attorney Brewster and $300 for Briskman).

[4] In response to Defendant's Statement of Fees and Expenses, Mr. Dasinger states that he is "not attempting to persuade to the court that the hourly rate Defendant's counsel has set is excessive, but the time Defendant's counsel put into each of the above-mentioned items in calculating the total billable hours." (Doc. 35 at 4-5).

performed that is traditionally done by an attorney,[5] is $75 per hour.

## B. Hours Reasonably Expended

Next, the Court must determine the hours reasonably expended by Mr. Grimes in his efforts to obtain the supplemental discovery and resolve the additional discovery disputes, resulting in the making and arguing the second motion to compel. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). A district court should not allow any hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (emphasis omitted). To determine the hours reasonably expended, the Court may consider the first and second *Johnson* factors: the time and labor required and the novelty and difficulty of the question.

---

[5]     Regardless of who is doing the billing, courts may only award fees for time spent by attorneys, or for the work of non-lawyer paralegals *but only to the extent they perform work "traditionally done by an attorney[ ]"* -- i.e., no fees for overhead (secretarial/administrative tasks). *See, e.g., Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them[ ]"); *Vanderbilt Mortg. and Fin., Inc. v. Crosby*, 2015 WL 5178719, *2 (S.D. Ala. Sept. 54, 2015) ("excessive, redundant, or otherwise unnecessary" fees are not recoverable); *SE Prop. Holdings, LLC v. 145, LLC*, 2012 WL 6681784, *4-5 (S.D. Ala. Dec. 21, 2012) (allowing recovery of traditional attorney-work but not clerical work).

Defendant's counsel claims he spent 29.4 hours plus 1.1 hours for his paralegal for a total of 30.5 hours associated with obtaining an order from this Court compelling Plaintiffs to provide the supplemental responses to CSX Transportation, Inc.'s discovery requests and resolving the other discovery disputes. (Docs. 31-1, 31-2). Mr. Dasinger responded to Mr. Grimes' affirmation of fees and expenses, arguing that the time reportedly spent is excessive, that he has failed to establish the billings as reasonable, and that the Court should consider adjusting the amount of hours as the Court seems fit. (Doc. 35 at 3-9). The undersigned has reviewed the accounting submitted by Defendant's counsel and finds some adjustments are necessary. *See Barnes*, 168 F.3d at 428 (Fee applicants are to exercise "billing judgment", which requires the exclusion of "excessive, redundant, or otherwise unnecessary" hours. "If fee applicants do not exercise billing judgment, courts are obligated to do it for them. . . .") (internal quotations omitted); *Carr v. Blazer Financial Services, Inc.,* 598 F.2d 1368, 1371 (5th Cir.1979) (No additional evidentiary hearing or pleadings are required where fee counsel fails to provide evidence on some factor which it contends the court ought to take into account; instead, courts have the power to make such an award on its own experience.).

### 1. **Motion to Dismiss.**

On August 3, 2021, Defendant filed a Motion to Compel requesting an order requiring Plaintiffs to provide interrogatory answers and responses to Defendant's requests for production.  The Court granted Defendant's motion and ordered Plaintiffs to comply.[6]  Though Plaintiffs responded to Defendant's interrogatories and requests for production, Defendant asserted that some of the responses were incomplete and deficient.  Mr. Grimes' repeated attempts to communicate with Mr. Dasinger in an effort to obtain supplemental answers to interrogatories and production of documents that were not produced, get authorizations for the release of plaintiffs' medical records of treatment prior to the date of the accident, and to schedule Plaintiffs'depositions were unsuccessful – Mr. Dasinger did not respond except on the one occasion in September noted above.  Therefore, Defendant filed the Motion to Dismiss containing the alternative request to compel (Doc. 25).

Defendant reports that he expended 12.4 attorney hours in bringing the Motion to Dismiss.[7]  Defendant's Motion to Dismiss

---

[6] Out of "professional courtesy", Defendant declined to pursue the recovery of its costs and fees incurred in bringing the motion.  (Doc. 19 at 5).

[7]     Related to the dismissal portion of the motion, for the dates 9/14/2021,9/20-27/2021 and 10/4-11/2021, Defendant claims 1.4 hours of time spent on "Draft/revise/work on CSXT's motion to dismiss for plaintiffs' failure to provide discovery"; 2.10 hours for "Draft/revise motion to dismiss as sanction for failing to provide discovery response"; 3.10 hours for "Draft/revise/work CSXT's Motion to Dismiss for failure to provide discovery; .8 hours for "Draft/revise CSXT's motion to dismiss

consists of a brief, 12 paragraph chronological summary of

Defendant's attempts to obtain complete supplemental discovery

responses from Plaintiffs, describing the new discovery issues

involving medical authorizations and Plaintiffs' depositions,

and detailing the on-going inability to talk or otherwise

communicate with Plaintiffs' attorney concerning these issues.

Attached to the motion are copies of two deficiency letters, an

email chain from September 1, 2021 (consisting of 3 emails), an

email chain from September 2-3, 2021 (consisting of 2 emails),

and copies of 10 medical authorizations (each authorization is

signed with a handwritten alteration limiting the dates of

service from "any and all dates of service" to "2019-2020-

2021").  The motion contains no case law nor any novel, complex

legal issue.  As an alternative to dismissal, Defendant

requested that the Court order Plaintiffs to provide

supplemental discovery responses, to produce unaltered medical

---

for failure to conduct discovery"; .9 hours for "Draft/revise/work on
CST's motion to dismiss as discovery sanction"; .7 hours for
"Draft/revise/work on CSXT's motion to dismiss and evidentiary exhibits
to same"; .4 hours for "Review/analyze order regarding motion to dismiss;
call with court clerk regarding same; conference with MWR regarding
same"; .5 hours for "Calculating time investment in pursing discovery
deficiencies and preparing motion to dismiss"; 2.50 hours for
"Review/analyze plaintiff's response to motion to dismiss and order on
same; preparing for hearing on motion to dismiss."  (Doc. 31-2 at 4-6).
Additionally, Defendant claims 1.1 hours of paralegal work, explained
as "Review/analyze documents from the master investigative file
including the Plaintiffs' Answers to CSXT's Interrogatories and CSXT's
Request for Production of Documents needed by attorney CTG in preparing
for the scheduled Hearing for CSXT's Motion to Dismiss ordered by Judge
Milling of the United States District Court, Southern District of
Alabama."  (Doc. 31-2 at 6).

authorizations, order Plaintiffs to appear at their depositions, and further requests that Defendant be awarded fees as a sanction for Plaintiffs' failure in conducting discovery to fully comply with the orders of this court and Federal Rules of Civil Procedure. (Doc. 25 at 8).  On October 12, 2021, after conducting a hearing, Defendant's motion to dismiss was denied, Defendant's alternative motion to compel was granted, and Defendant was found entitled to be reimbursed the reasonable costs and fees incurred in its unsuccessful efforts to obtain the discovery and resolve the other discovery disputes which necessitated filing the Motion to Compel. (Doc. 30 at 1).

In determining the reasonable expenses, including attorney's fees, the entitled motion to dismiss cannot be separated in substance from Defendant's request to compel the supplemental discovery responses and resolve the other more recent discovery disputes.  Thus, some of the the work attributed to the motion to dismiss should and will be considered in the calculation of fees and costs incurred in bringing the Motion to Compel.  However, much of the time claimed for bringing the unsuccessful motion to dismiss appears excessive.  Furthermore, Defendant has failed to sufficiently demonstrate through his time entries the reasonableness of the claimed hours spent.  Based on the experience of the Court, it seems that a skilled attorney of 23 years can produce such

motions with ease, expending less hours. Notably, the matter required no legal research, no argument, no legal strategy. Thus, "[i]ts dollar value is not enhanced just because a lawyer does it." *Johnson*, 488 F.2d at 717. It is thus not surprising that the Eleventh Circuit has ruled a district court did not abuse its discretion in reducing a fee applicant's claimed hours because, among other things, "senior counse[l] bill[ed] for legal research that could have been assigned to an associate or paralegal." *St. Fleur v. City of Fort Lauderdale*, 149 Fed. Appx. 849, 853 (11th Cir. 2005). Accordingly, "[t]ime spent by high-priced senior lawyers on tasks that junior lawyers could have performed more economically, should be stricken from a reasonable attorney's fee award." *Commodity Futures Trading Commission v. Trade Exchange Network Limited*, 159 F. Supp. 3d 5, 9 (D.D.C. 2015) (internal quotes omitted).

Defendant also includes 1.1 hours of paralegal work, explained as "Review/analyze documents from the master investigative file including the Plaintiffs' Answers to CSXT's Interrogatories and CSXT's Request for Production of Documents needed by attorney CTG in preparing for the scheduled Hearing for CSXT's Motion to Dismiss ordered by Judge Milling of the United States District Court, Southern District of Alabama." (Doc. 31-2 at 6). This entry is detailed and describes work

separate from the drafting of the motion and does not appear to be duplicative or redundant.

Defendant's request to have this action dismissed due to Plaintiffs' counsel not properly conducting discovery was denied as too severe a sanction, especially for the two Plaintiffs who did not contribute to the discovery problems. Such a sanction was not warranted given the circumstances of this case; hence, Defendant was not successful in the aspect of its Motion. Consequently, the amount of time spent bringing that portion of the motion, given the overlap with the motion to compel, will be reduced to 3 attorney hours at $350 per hour and 1.1 paralegal hours at a rate of $75 per hour. The remaining 7.1 hours expended by Mr. Grimes in his unsuccessful efforts to obtain the supplemental discovery and resolve the other discovery disputes, necessitating his filing the motion to compel portion of the motion (Doc. 31-2), are found to be reasonable. Thus, Mr. Grimes is entitled to 7.1 hours at $350 per hour.

### 2. Travel Time to Mobile, Alabama for hearing.

Finally, Mr. Grimes claims 10.8 hours for round trip travel from Birmingham, Alabama to Mobile, Alabama to appear for and attend the hearing.

The general rule in the Eleventh Circuit is that counsel's reasonable travel time is compensated on an hourly basis, "unless it was unreasonable not to hire qualified local

counsel." *Johnson v. Univ. College of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983).  Thus, "a fee applicant seeking to recover expenses incurred for retaining non-local counsel generally must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *Martinez v. Hernando Cty. Sheriff's Office*, 579 F. App'x 710, 714 (11th Cir. 2014) (internal quotations omitted); *Brother v. Int'l Club Condo. Ass'n*, 2005 WL 1027240, at *5 (M.D. Fla. 2005) (finding that "travel time is not properly visited on one's adversary, absent a showing of a lack of qualified local counsel.").  Courts have also consistently reduced the rate of compensation for unproductive travel time.  *See, e.g., Yule v. Jones,* 766 F.Supp.2d 1333, 1342 (N.D. Ga. 2010) ("Reasonable travel time of the prevailing party's attorneys ordinarily is compensated on an hourly basis, although the rate may be reduced if no legal work was performed during travel." (citing *Johnson v. Univ. Coll.,* 706 F.2d at 1208)); *Jones v. Carswell Prop. Maint., Inc.,* No. 09—22027—CIV, 2012 WL 163884, at *6 (S.D. Fla. Jan. 19, 2012) ("Plaintiffs cite to *Johnson v. University College of the University of Alabama in Birmingham,* 706 F.2d 1205, 1208 (11th Cir.1983) in support, which held that "the exclusion of out-of-town counsel's travel time is proper only if it was unreasonable not to hire qualified local counsel; *McPherson v. School District186,* 465 F.Supp. 749, 758

(S.D.Ill.1978) (compensating out-of-town counsel for travel time to litigation site but at lower rate).

While this Court acknowledges Defendant has the right to select counsel of its choice, "where that selection results in incurring additional fees and costs, it is not fair to shift that burden onto [Plaintiffs] without an adequate showing that local counsel was not available or improper conduct on the part of the opposing party necessitated incurring the additional fees." *Johnston v. Borders*, No. 615CV936ORL40DCI, 2019 WL 8105896, at *2 (M.D. Fla. July 30, 2019). Here, the Defendant has failed to establish that local counsel was not available. Indeed, Defendant has failed to broach the issue at all in his Statement of Fees to the Court or affidavit. (See Doc. 31 and 31-1). The Court is aware of numerous attorneys in the Mobile area that specialize in railroad litigation and have significant experience comparable to that of Defendant's counsel of record. Accordingly, Defendant's travel time to Mobile, Alabama and back to Birmingham, Alabama will be disallowed.[8] Similarly, for the reasons stated above, Defendant's requests for $283.36 for the cost of milage incurred in traveling to Mobile and returning to Birmingham on October 12, 2021, will also be disallowed.

---

[8] In reaching the decision to disallow Defendant's travel time, beyond Defendant's failure to carry his burden of establishing the lack of local counsel, neither has Defendant established that his travel time or any portion of it was used in working on this legal matter or that he was totally hindered from conducting separate legal matters by phone during his travel time.

Within the billing entry for travel time, however, is the time for which the hearing was held. The Court takes judicial notice that the digital audio recording of the hearing is 55 minutes. (Doc. 29). Accordingly, the Court finds that 2 hours is reasonable to attribute to Mr. Grimes' participation at the October 12, 2021 hearing. Therefore, Defendant shall be allowed 2 hours at his standard hourly rate of $350, while the remainder of his travel time will be disallowed.

In summary, the undersigned finds that 10.1 (3 plus 7.1) hours were reasonably spent by Mr. Grimes in his attempts to obtain the discovery and filing the motion to compel, as well as the 2 hours related to the hearing, for a total of 12.1 hours. The 1.1 hours spent by his paralegal was also reasonable. Multiplying 12.1 hours by the $350 hourly rate results in a fee of $4,235 for Mr. Grimes and multiplying 1.1 paralegal hours by the $75 hourly rate results in an additional $82.5, for a total of $4,317.50. The Court finds this to be the reasonable expense incurred by Defendant in making the motion to compel.

### IV. Conclusion

Based on the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1)(B)—(C), *Federal Rule of Civil Procedure* 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that the denial of the Motion to Dismiss and the granting of the alternate Motion to Compel be affirmed and that Plaintiffs'

counsel, Brian A. Dasinger, be ordered to pay Defendant the reasonable expenses, including attorney's fees, in the amount of $4,317.50, incurred in bringing the second motion to compel, pursuant to Federal Rule of Civil Procedure Rule 37(a)(5).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir.

R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 25th day of March, 2022.

s/Bert W. Milling, Jr.
UNITED STATES MAGISTRATE JUDGE